IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNIE LAWSON, | : | Civil No. 3:15-cv-2185 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| OFFICER HACKENBERG, et al., | : | FILED SCRANTON |
| Defendants | : | DEC 2 3 2015 |

PER _____ DEPUTY CLERK

## MEMORANDUM

Plaintiff, Ronnie Lawson, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, commenced this *Bivens*[1], 28 U.S.C. § 1331, action on November 13, 2015. (Doc. 1). The matter is presently proceeding *via* an amended complaint, wherein Plaintiff names as Defendants the following employees at USP-Lewisburg: Officer Hackenberg and Officer Saxton. (Doc. 4). Also named as a Defendant is fellow Inmate Pink. (*Id.*). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 5).

The amended complaint has been preliminarily screened and, for the reasons set forth below, service of the amended complaint will be directed on the Defendants employed at USP-Lewisburg. However, Defendant Inmate Pink will be dismissed from this action pursuant to 28 U.S.C. §1915(e)(2)(i).

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

I.  **Allegations of the Amended Complaint**

Plaintiff alleges that on October 26, 2015, while being escorted to and from the shower area, he engaged in an altercation with Defendant Inmate Pink. (Doc. 4). Plaintiff alleges that he was transferred to another cell and his "legal-work, staff given radio and 20 packs of coffee was not amongst the returned [property]". (*Id.* at p. 2). The allegations against Defendants Hackenberg and Saxton include confiscation of personal property and confiscation of legal materials. (*Id.*).

II.  **Discussion**

Under the Prison Litigation Reform Act of 1995[2] (the "Act"), the Court is obligated to screen the complaint when a plaintiff wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, § 1915(e)(2) of the Act provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -- (A) the allegation of poverty is untrue; or (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

For the reasons set forth below, the claim against Defendant Pink is subject to dismissal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*

---

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

*v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A *Bivens* action is the federal counterpart to an action filed under 42 U.S.C. § 1983. *See Paton v. LaPrade*, 524 F.2d 862 (3d Cir. 1975); *Farmer v. Carlson*, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988). Central to any claim for relief under 42 U.S.C. § 1983 is that the plaintiff must allege that he has been deprived of a "right, privilege or immunity secured by the Constitution and laws," by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff fails to allege that Defendant Inmate Pink was acting under color of state law. Moreover, there is no allegation that Inmate Pink was acting in conspiracy or concert with some person or persons who could be considered state actors for purposes of section 1983. *See Dennis v. Sparks*, 449 U.S. 24 (1980). Consequently, the claim against him has no arguable basis in either law or fact and is therefore legally frivolous.

## III. Conclusion

Based on the foregoing, the claim against Defendant Inmate Pink will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The amended complaint will be served on the remaining Defendants.

3

An appropriate Order follows.

Dated: December 23, 2015

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge